UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

Henry Ykema,

    Plaintiff,                                            HON.

v.

                                        CASE NO.  1:26-cv-1988

Pools Plus Inc., and Scott
Wheeler, individually and personally.

    Defendant.

---

# COMPLAINT AND JURY DEMAND

---

Plaintiff Henry Ykema, by and through his attorneys, Pinsky Smith, PC, hereby represents:

## A.  NATURE OF PROCEEDINGS

1.     This is an action under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§621-634 seeking legal and equitable relief regarding deprivation of certain rights secured by the Act. Such relief is authorized under 29 U.S.C. §626(b)(c).  Plaintiff alleges he was harassed, disciplined, and ultimately terminated due to his age. Plaintiff Further brings an action under Michigan's Elliot Larsen Civil Rights' Act (ELCRA) for the same.

## B. JURISDICTION

2.      Jurisdiction of this action is based on 29 U.S.C. §626(c)(d).  The employment practices alleged to be unlawful were and are now being committed with the jurisdiction of the United States District Court for the Western District of Michigan.

3.      Venue is proper within this judicial district under 28 U.S.C. §1391(b) and 28 U.S.C. §1392(a).

4.      All conditions precedent to jurisdiction have occurred and been complied with, to wit:

(a)      Charges of employment discrimination on the basis of age have been filed with the Michigan Department of Civil Rights (MDCR) within 180 days of the commission of the unlawful employment practices alleged herein (Attached as Exhibit A). The charge was filed on 3/18/26 alleging discrimination and wrongful discharge due to Plaintiff's age.

(b)      More than sixty (60) days have passed since the filing of the charges of unlawful discrimination with the MDCR pursuant to 29 U.S.C. §626(d) allowing Plaintiff to bring this action.

## C. PARTIES

5.      Plaintiff is a resident of Ottawa County, Michigan and the Western District of Michigan, Southern Division. At the time the claim set forth herein arose, Plaintiff was within the age limits established by 29 USC §631, his date of birth being 8/20/54.

6.    At all relevant times, Pools Plus Inc., was the Employer and is a corporation, duly organized under the laws of the State of Michigan, its corporate headquarters are in the Western District of Michigan and doing business locally and nationally.

7.    At all relevant times, Defendant Scott Wheeler had the authority and was the decision maker in terminating Plaintiff from his position with the company. He is an Employer under all relevant Acts and is individually and personally liable under the ELCRA.

## D. CAUSES OF ACTION

### Statement of Facts

8.    Plaintiff incorporates paragraphs 1 through 7 as though set forth herein.

9.    Plaintiff Ykema, now 71 years old, worked at Defendant Pools Plus from October of 2021 through November 2025.

10.    As the Store Manager of the Holland location, he excelled in all areas. In 2024, he was given a raise and was informed that he was an exceptionally valuable employee.

11.    Operations Manager Adam Soehner had advised Plaintiff that he was the most proficient Store Manager among all the Store Managers in the region and that he never had to monitor him like other store managers. Moreover, Soehner stated that Ykema was the sole Store Manager who adhered strictly to all of the

company's policies and he never had to concern himself with Ykema' s store inventory. In fact, Ykema was the only Store Manager granted the "permissions" and access to certain confidential programs and documents.

12.     Plaintiff's retail sales exceeded those of the same period last year, and he had already surpassed the total number of hot tubs sold throughout the entirety of the previous year. This is despite having another six weeks left in the year to sell even more at the time he was terminated. This is particularly significant given that in 2024, four hot tubs sold occurred in the final six weeks of the year. Ykema' s closing rate of 58% for walk-in hot tub leads is substantially superior to the national average of 15%.

13.     Ykema possessed considerably more seniority and knowledge of the pool and hot tub industry than all the other store managers employed by Pools Plus, along with a proven track record of successfully managing the Holland store, evidenced by an exceptional customer satisfaction record (validated by numerous five-star reviews from clients).

14.     In 2025, Ykema got the highest score of all employees on the Pools School Test with 103% and was awarded a bonus for this accomplishment. He possessed more five-star reviews from customers than anyone else in the company at the time of his termination, has never faced any disciplinary action, has never received a complaint from a customer, and never called in sick during his four years of employment with Pools Plus. None of the other Store Managers had records and

accolades that Ykema possessed.

15.    On Wednesday, November 19, 2025, Ykema was informed by Adam Soehner that a new and significantly younger employee was going to be hired as a store manager and likely replacing him. Ykema asked why he would be replaced rather than other store managers that did not perform as well as he did nor had the seniority that he did. Soehner did not know why. Plaintiff requested to transfer to another store rather than be terminated.

16.    Plaintiff asked Soehner if he had done anything wrong or had any performance issues; and asked whether he and Defendant Wheeler had been discussing his performance or termination previously. Sohner responded that Plaintiff had not done anything wrong, and that neither of them had ever discussed terminating Ykema until a couple days prior when the Company received the replacement's application. Both Soehner and General Manager Bryan Larocque agreed that there were no work-related deficiencies or performance issues by Ykema and agreed that transferring him to another store to displace a less-senior Store Manager made sense. They indicated they would go to Defendant Wheeler to discuss this option.

17.    On November 21, 2025, Sohner relayed to Plaintiff that Defendant Wheeler refused to transfer Plaintiff to manage another store and was firing him (to replace him with the significantly younger employee). Plaintiff asked him what Wheeler's reasoning was regarding this decision, and Soehner replied that Wheeler

stated that Ykema "was not aligned with [his] vision for the future direction of the company," and nothing else.

18.    Plaintiff Ykema was devastated that he was fired. He incurred damages as he suffered serious financial loss, as well as mental and emotional distress due to this unlawful termination.

## COUNT I

## DISCRIMINATION AND RETALIATION UNDER THE ADEA

19.    Plaintiff incorporates paragraphs 1 through 18 as if set forth herein.

20.    Defendants, by its conduct as aforesaid, violated 42 U.S.C. '2000(e-2a) in that they discriminated against Plaintiff because of Plaintiff's age.

21.    Plaintiff, 71 years old at the time, was treated differently than similarly situated younger store managers by Defendant. He was discharged due to his age.

22.    The practices complained of above were intentional and designed to deprive Plaintiff of equal employment opportunities.

23.    The unlawful employment practices complained of above were committed with malice or with reckless indifference to the federally protected rights of Plaintiff. As a result of the foregoing, Plaintiff lost earnings and benefits and suffered mental anguish, and emotional distress for which Defendant is liable.

## COUNT II

### DISCRIMINATION AND RETALIATION UNDER
### MICHIGAN ELLIOT LARSON CIVIL RIGHTS ACT AS TO DEFENDANT
### COMPANY AND DEFENDANT WHEELER

24.    Plaintiff incorporates paragraphs 1 through 23 as though set forth herein.

25.    Defendant by their conduct as aforesaid, violated Michigan Elliot Larson Civil Rights Act, specifically MCLA 37.2013 and 37.2202, in that they discriminated against and terminated Plaintiff because of Plaintiff's age. Such discrimination was willful.

26.    Plaintiff seeks legal and equitable relief regarding deprivation of certain rights as secured by Michigan Elliot Larson Civil Rights Act of 1976, as amended; specifically, MCLA 37.2103, 37.2202, and 37.2701.

27.    As a result of the foregoing, Plaintiffs lost earnings and benefits and suffered mental anguish and emotional distress for which Defendant is liable

### RELIEF

WHEREFORE, Plaintiff requests:

(a)    Award to Plaintiff back pay, front pay, and lost benefits with prejudgment interest;

(b)    Award to Plaintiff compensatory damages for past and future

pecuniary and non-pecuniary losses resulting from the unlawful employment practices described above, including, but not limited to emotional pain, suffering, anxiety, loss of enjoyment of life, humiliation, and inconvenience, in amounts to be determined at trial;

(d)    Award to Plaintiff punitive damages for Defendant's malice or reckless indifference to Plaintiff's federally protected rights described above, in amounts to be determined at trial;

(e)    Award to Plaintiff his costs, disbursements, and reasonable attorney fees; and

(f)    Award to Plaintiff such other relief as may be just and equitable.

PINSKY, SMITH PC
Attorneys for Plaintiff

Dated: July 2, 2026                By  */s/ Katherine Smith Kennedy*
                                        Katherine Smith Kennedy (P-54881)
                                        Business Address and Telephone Number:
                                        146 Monroe Center St NW, Suite 418
                                        Grand Rapids, MI  49503
                                        (616) 451-8496

## JURY DEMAND

NOW COMES Plaintiff, by and through his attorneys, Pinsky Smith,

PC and hereby demands a trial by jury of the entitled matter.


                        PINSKY, SMITH PC
                        Attorneys for Plaintiff

Dated: July 2, 2026          By */s/ Katherine Smith Kennedy*
                           Katherine Smith Kennedy (P-54881)
                           Business Address and Telephone Number:
                           146 Monroe Center St NW, Suite 418
                           Grand Rapids, MI  49503
                           (616) 451-8496