UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HENRY YKEMA,

Plaintiff,

v.

POOLS PLUS, INC., a corporation, and
SCOTT WHEELER, an individual,

Defendants.

Case No. 1:26-cv-1988

Hon. Paul L. Maloney

---

**OPINION**

Henry Ykema filed a complaint (Compl., ECF No. 1) against his former employer, Pools Plus, Inc., and Scott Wheeler, the president of Pools Plus, alleging violations of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621-634, and of Michigan's Elliott-Larsen Civil Rights Act. Mich. Comp. Laws §§ 37.2101-37.2804.

Defendants now move to dismiss Ykema's complaint or, in the alternative, for summary judgment. (Mot. to Dismiss, ECF No. 6.) Defendants argue that Ykema's lawsuit cannot proceed because the ADEA only applies to employers with 20 or more employees for 20 weeks out of the year, and Ykema has not demonstrated that Defendants meet that requirement.

For the reasons explained below, the Court will grant Defendant's motion to dismiss or, in the alternative, for summary judgment.

**I. Background**

Relevant here, Ykema makes the following allegations in his complaint. Ykema was the store manager of Pools Plus's Holland location. (Compl., PageID.3.) He alleges that, despite his

productivity as an employee, he was fired by Defendant Wheeler in 2025 so that he could be replaced with a significantly younger employee. (*Id.*, PageID.5.)

Ykema's complaint does not allege the number of employees that worked for either defendant in any year.

## II. Legal Standards

Defendants move for dismissal of Ykema's ADEA claim for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for summary judgment pursuant to Federal Rule of Civil Procedure 56. Defendants' motion also requests that the court dismiss Ykema's state law claims.

### A. Motion to Dismiss Standards

A claim may be dismissed for failure to state a claim under Rule 12(b)(6) if it fails " 'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). To determine whether a pleading fails to state a claim, the plaintiff must allege "facts that, if accepted as true, are sufficient to raise a right to relief above the speculative level,' and . . . 'state a claim to relief that is plausible on its face.' " *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plausible does not mean probable, but the complaint must show "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

Defendants also move to dismiss Ykema's state law claims. Defendants appear to move for dismissal under both Federal Rule of Civil Procedure 12(b)(1) and by arguing that the Court

should exercise its discretion under 28 U.S.C. § 1367(c)(3) to decline supplemental jurisdiction over state law claims. Because dismissal of supplemental state law claims under Rule 12(b)(1) is more appropriate when the court does not have *subject matter jurisdiction* over the federal claims (which Defendants do not appear to be arguing here), the Court will consider the relevant legal standards of 28 U.S.C. § 1367(c)(3). *See Pinney Dock & Transp. Co. v. Penn Cent. Corp.*, 196 F.3d 617, 621 (6th Cir. 1999) (comparing dismissal of state law claims under Rules 12(b)(1) and 12(b)(6)).

Under 28 U.S.C. § 1367(c)(3), except in circumstances not relevant here, a district court may decline to exercise supplemental jurisdiction over a state law claim if the district court has dismissed all claims over which it has original jurisdiction. "Generally, 'if the federal claims are dismissed before trial . . . the state claims should be dismissed as well.' " *Taylor v. First Am. Bank-Wayne*, 973 F.2d 1284, 1287 (6th Cir. 1992) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)). "When deciding whether to decline jurisdiction under § 1367(c)(3), "[a] district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues." *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993).

**B. Summary Judgment Standard**

In a summary judgment motion, the Court "must shy away from weighing the evidence and instead view all the facts in the light most favorable to the nonmoving party and draw all justifiable inferences in their favor." *Wyatt v. Nissan N. Am., Inc.*, 999 F.3d 400, 410 (6th Cir. 2021). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit." *Anderson v. Liberty Lobby,*

*Inc.*, 477 U.S. 242, 248 (1986). A material fact is genuinely disputed when there is "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.* at 249 (citing *First Nat'l Bank of Ariz. v. City Serv. Co.*, 391 U.S. 253, 288–89 (1961)). "Putting all of that together, Rule 56 asks 'whether the evidence is so one-sided that one party must prevail as a matter of law.' " *DeVooght v. City of Warren, Mich.*, 157 F.4th 893, 899 (6th Cir. 2025) (quoting *Anderson*, 477 U.S. at 252).

## III. Analysis

Defendants' argument for both dismissal and summary judgment arises from the fact that the ADEA applies only to an employer "who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 29 U.S.C. § 630(b). As explained below, the Court agrees with Defendants that Ykema has failed to show that either Wheeler or Pools Plus satisfies this essential requirement for an ADEA claim.

### A. Defendants' Motion to Dismiss

Defendants argue that Ykema's complaint must be dismissed because he has not pled facts establishing that Pools Plus had 20 or more employees for at least 20 weeks in 2024, 2025, or 2026.

Ykema's complaint does not allege the number of employees that Wheeler or Pools Plus employed. Indeed, Ykema appears to concede that his complaint is insufficient by failing to defend its factual sufficiency in his response brief. His ADEA claim must therefore be dismissed.

Seeing no reason to assert supplemental jurisdiction over Ykema's state law claims, the Court will also dismiss those claims.

In his response brief, Ykema requests the opportunity to submit an amended complaint. But this request must be made by motion and must include a proposed amended complaint attached

to the motion. *See* Fed. R. Civ. P. 7(b)(1) ("A request for court order must be made by motion."); W.D. Mich. L. Civ. R. 5.7(f) (requiring that a proposed amendment be attached to the motion). Ykema has not made such a motion.

**B. Defendants' Alternative Motion for Summary Judgment**

Defendants also argue they are entitled to summary judgment because they have shown that Pools Plus never had 20 or more employees for the required 20 weeks in 2024, 2025, or 2026, and that there is no genuine dispute about this fact.

In support of their motion for summary judgment motion, Defendants attached an affidavit from Scott Wheeler. In his affidavit, Wheeler states he has never maintained any employees as an individual. Wheeler also states that he reviewed Pools Plus's payroll records "from the beginning of 2024 through present" to determine the number of employees at Pools Plus during that time. (Wheeler Aff., ECF No. 6-1, PageID.20.) His review showed that Pools Plus did not have 20 employees during any week in 2024 or in 2026 (through the date of the affidavit, in August) and that it had 20 or more employees for only 14 weeks in 2025. (*Id.*)

In the analogous setting of Title VII the Civil Rights Act of 1964, the Supreme Court has held that "ultimate touchstone" of whether an employer employs a certain number of people is "whether an employer has employment relationships" with those individuals. *Walters v. Metro. Educ. Enters., Inc.*, 519 U.S. 202, 212 (1997). The Court then went on to explain that examining an employer's payroll can be an appropriate method of determining that number. *Id.* at 206-07. Thus, this Court considers Wheeler's affidavit to be appropriate evidence of the number of employees at Pools Plus.

Wheeler's affidavit shows that Defendants did not employ 20 or more people in 2024 through the present, which would mean the ADEA does not apply to them.[1]

To survive summary judgment, Ykema must present evidence that shows there is a genuine factual dispute over whether Defendants had 20 or more employees during the relevant time period. Ykema points to the affidavit attached to his response, in which he states that he "recall[s] approximately 25 or more employees working for the company." (Ykema Aff., ECF No. 8-1, PageID.34.) But the Court cannot consider this affidavit in a summary judgment motion because it does not meet the requirements of Rule 56(c)(4).

Rule 56(c)(4) requires that affidavits used to support or oppose a summary judgment motion "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). Personal knowledge "mean[s] personal observations or experiences." *Alexander v. Kellogg USA, Inc.*, 674 F. App'x 496, 499 (6th Cir. 2017). "It is the burden of the party submitting the affidavit to show circumstances indicating the [affiant] has based the statement on personal knowledge." *Id.* (alteration in original) (quoting *Gaskey v. Fulton Bellows, LLC*, No. 3:05–CV–540, 2007 WL 869621, at *3 (E.D. Tenn. Mar. 20, 2007)).

Ykema has not shown that the assertion in his affidavit that Pools Plus employed more than 20 employees is based on his personal knowledge. His affidavit says this assertion is based on his

[1] Defendants attached additional affidavits in their reply to support their summary judgment motion. Typically, a court may consider affidavits attached to a reply brief if they "respond only to the opposing party's brief." *Peters v. Lincoln Elec. Co.*, 285 F.3d 456, 476 (6th Cir. 2002). This is because the Federal Rules are "designed to prevent the moving party from springing new facts on the nonmoving party 'when it is too late for that party to contest them.' " *Id.* (quoting *RepublicBank Dallas v. First Wis. Nat'l Bank of Milwaukee,* 636 F.Supp. 1470, 1472 (E.D.Wis.1986)). The affidavits attached to Defendants' reply brief support Defendants' original motion rather than responding to new issues raised in Ykema's response brief; indeed, Defendants state in their reply that the reply affidavits are to "further support" and "corroborate" Wheeler's affidavit. (Defs.' Reply, ECF No. 10, PageID.48.) Therefore, the Court only considers Wheeler's affidavit—which, in any case, provides sufficient support for Defendants' summary judgment motion.

"recollection," but says little about what personal observations or experiences led to that recollection. (Ykema Aff., PageID.34.) His affidavit says that he "became familiar with the approximate number of employees working for the company" without explaining how or under what circumstances. (*Id.*, PageID.33.) Explaining this personal knowledge is particularly important given that Ykema's affidavit also appears to establish that he was the sole employee at his location, which raises the question of how he would have known about the number of employees elsewhere. (*Id.*, PageID.34.) Nor does Ykema "provide information about the scope or responsibilities of h[is] job that would allow us to presume knowledge on h[is] part." *Kellogg*, 674 F. App'x at 499.

The only other evidence that Ykema appears to offer in support of his assertion of personal knowledge is a set of four screenshots of Pools Plus's LinkedIn page. In the screenshots, the LinkedIn page displays the number of people who have listed Pools Plus as their current workplace in their LinkedIn profiles. This evidence does not explain how Ykema has personal knowledge of the number of Pools Plus employees during 2024 and 2025. The LinkedIn page itself indicates that the number of "associated members" is self-reported, meaning that it does not necessarily reflect how many people actually work at Pools Plus. (Ykema Aff. Exh. D, ECF No. 8-1, PageID.45.) Additionally, the LinkedIn page does not establish when any employee worked at Pools Plus, nor for how long. And even if the screenshots somehow did support Ykema's assertion of personal knowledge, the Court nonetheless cannot consider them because they are inadmissible hearsay. *See Spencer v. Caracal Int'l, LLC*, 516 F. Supp. 3d 755, 759 (M.D. Tenn. 2021) ("Generally, however, a Linkedin profile is inadmissible hearsay."); *Auto. Support Grp., LLC v. Hightower*, No. 11-11169, 2011 WL 5121140, *9 (E.D. Mich. Oct. 26, 2011), *aff'd,* 503 F. App'x

411 (6th Cir. 2012) ("To the extent ASG is again referring to the LinkedIn website or some other website, this evidence is inadmissible hearsay.").

Wheeler's affidavit, by contrast, does meet the requirements of Rule 56(c)(4). His affidavit establishes sufficient grounds for personal knowledge of the number of employees he and Pools Plus employed by explaining his position as president of the company and that he reviewed payroll records. Further, neither his personal observations nor the payroll records would be inadmissible as evidence. *See* Fed. R. Evid. 803(6); *see also Perteet v. Saginaw Transit Auth. Reg'l Servs.*, No. 13-CV-13757, 2014 WL 4637232, *4 (E.D. Mich. Sept. 16, 2014) (payroll records could support facts in summary judgment affidavit because they were likely admissible evidence).

Therefore, the Court considers the evidence in Wheeler's affidavit, but not Ykema's, to resolve Defendants' summary judgment motion. And because that evidence does not show that there is a genuine dispute over the fact that Defendants had less than 20 employees during the relevant time period, the Court concludes that the ADEA does not apply to Defendants and that they are entitled to summary judgment on that claim.

Ykema argues that summary judgment is not appropriate because he has not yet had the opportunity to conduct discovery, which could reveal that Defendants had 20 or more employees. Summary judgment can be improper "if the non-movant is not afforded a sufficient opportunity for discovery," *Zakora v. Chrisman*, 44 F.4th 452, 479 (6th Cir. 2022) (quoting *Vance v. United States*, 90 F.3d 1145, 1148 (6th Cir. 1996)). Federal Rule of Civil Procedure 56(d) reconciles the need for discovery and the possibility of an early summary judgment motion by allowing the nonmovant to "show[] by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." But "[w]here a party opposing summary judgment and seeking a continuance pending completion of discovery fails to take advantage of the shelter provided by

Rule 56([d]) by filing an affidavit, there is no abuse of discretion in granting summary judgment if it is otherwise appropriate." *Gettings v. Bldg. Laborers Loc. 310 Fringe Benefits Fund*, 349 F.3d 300, 305 (6th Cir. 2003) (quoting *Cacevic v. City of Hazel Park,* 226 F.3d 483, 488 (6th Cir.2000)). Ykema has not made a filing under Rule 56(d). Therefore, the Court will grant summary judgment for Defendants even though discovery has not occurred.

Because summary judgment results in dismissal of Ykema's lone federal claim, and the Court sees no reason to assert jurisdiction over Ykema's state law claim, the court declines to exercise supplemental jurisdiction over Ykema's state law claim following resolution of the summary judgment motion.

**IV. Conclusion**

For the forgoing reasons, the Court will grant Defendant's motion to dismiss or, in the alternative, for summary judgment. (ECF No. 6.) An order will enter consistent with this opinion.

Dated: November 17, 2026

/s/ Paul L. Maloney
Paul L. Maloney
UNITED STATES DISTRICT JUDGE